UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Angela Marie Herring,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Foxhall Gynecology** *et al.***,**<br><br>**Defendants.** | Civil Action No.  13-0028 (JDB) |

## MEMORANDUM OPINION

The federal defendant, United States Attorney Ronald Machen, removed this civil action from the Superior Court of the District of Columbia and now moves to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 10].  Also pending is the motion of Defendant Foxhall OB/GYN Associates, P.C., to dismiss under Rule 12(b)(6) or for summary judgment under Rule 56.  [Dkt. # 7].  On March 14, 2013, plaintiff filed a "Motion to Cease and Desist and Motion for Summary Judgment [Dkt. # 12]," which addresses both motions to dismiss.  Plaintiff's complaint alleges in its entirety the following:

> On the night of 10/13/12 @ 24th & L Street NW outside of the West End Library, I was assaulted and involuntarily given a gynecology procedure by members of Foxhall Gynecology brought by Kirk Freeman & Ronald Machen who rendered me incapacitated, wherein I was given a pelvic exam on the sidewalk.

Compl. [Dkt. 1-1, ECF p. 6].  Plaintiff demands $120 million in damages.  *Id*.  In her pending motion, which the Court considers also as her opposition to defendants' motions, plaintiff expounds on her scurrilous claims, adding, *inter alia*, that on the night of the alleged attack, U.S. Attorney Machen "raped" her, "brought Ultiva anesthesia powder[,] placed it in [her] mouth at

1

the site of the West End Library[,] . . . and drugged [her] involuntarily, prior to the sexual assault and involuntary pelvic exam." Pl.'s Mot. at 3.

"A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). In addition, dismissal on jurisdictional grounds is warranted when the complaint "postulat[es] events and circumstances of a wholly fanciful kind." *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). As the Court has determined in plaintiff's related case listing Machen and Foxhall Associates as defendants, *see Herring v. V Street Freddie House*, Civ. Action No. 13-27, the instant complaint is so frivolous as to deprive the Court of subject matter jurisdiction. Hence, this case will be dismissed with prejudice. *See also Herring v. Holder*, Civ. Action No. 13-160 (UNA) (D.D.C. Feb. 5, 2013) (dismissing *sua sponte* plaintiff's similarly pled complaint as frivolous). A separate Order accompanies this Memorandum Opinion.

                                                             _____/s/_____
                                                                         JOHN D. BATES
                                                                   United States District Judge

Dated: March 15, 2013